STATE v. LLOYD SUTTON ET AL.

The assignment of a lease of a private oyster fishery in the public waters of the State, given by the Commissioners under the " Act for the preservation of oysters and other shell fish within this State," if made with the assent of the commissioners, will pass to the assignee the legal title of such fishery.

The lessees of oyster fisheries in the public waters of the State are obliged to set up and renew such stakes, buoys and marks only as the Commissioners shall require.

The provision of the act, requiring that one part of the lease executed by the lessee and the Commissioners shall be transmitted forthwith to the General Treasurer, is directory to the Commissioners, and a compliance therewith need not be proved by the State in an indictment for stealing oysters from a private bed granted by such lease.

Where a portion of the public waters are leased for a private oyster fishery, no one, unless authorized by the owner, has a right thereon for the purpose of taking quahaugs.

THIS was an indictment under the " Act for the preservation of oysters and other shell fish in this State," and charged the defendant in two counts, first, with stealing " thirty bushels of oysters, of the value of thirty dollars, from a certain private oyster ground and bed, called Grassbed, situate in Narragansett Bay," and second, with stealing " thirty bushels of oysters, of the value of thirty dol-

lars, of the goods and chattels of one Avery Pettis." The indictment was tried in the Court of Common Pleas, before STAPLES, J., and after verdict of guilty against the defendants, came up to the Supreme Court, upon the following exceptions, taken by the counsel for the defendants, to wit :

The counsel for the defendant requested the Court to charge,

1st. That the Commissioners had no authority in law to assent to the assignment of the lease from Samuel Leonard to Avery Pettis, and that said Pettis had no legal claim to the bed as a private fishery ; which the Court refused to do, but did charge, that Samuel Leonard had the right, with the assent of the Commissioners for the time being, to assign his lease to Avery Pettis, and by such assignment Pettis had a legal title to the premises as a private fishery.

2. That it was incumbent on the State to prove, that persons claiming private beds had caused proper bounds to be kept up and proper stakes to be set out and kept up, as notice to the public ; which the Court refused to do, but did charge, that lessees of oyster beds are obliged to set up and renew such stakes, buoys, and marks only as the Commissioners shall require.

3. That the State were bound to prove that " one part of the lease had been forthwith transmitted by said Commissioners to the General Treasurer ;" which the Court refused to do, but charged, that the statute in this respect was directory to the Commissioners, and their neglect of its provisions would not avoid or affect a title granted by them, and so the State was not bound to prove their compliance with them.

4. That the defendants had a perfect right upon said

bed, for the purpose of taking quahaugs, and other fish except oysters; which the Court refused to do, but did charge, that the defendant had no such right, but that it was immaterial in this case whether they had or not, the question here being, not whether they had a right to take quahaugs or other fish, but whether they did take oysters."

These exceptions were argued before this Court, and, after advisement, overruled.

*Burgess, Attorney General,* for the State.

*Rivers,* for the defendants.